**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Terence Platt, et al., | No. CV-16-08262-PCT-BSB |
| Plaintiffs, | **ORDER** |
| v. | |
| Jason Moore, et al., | |
| Defendants. | |

Intervenor-Defendant State of Arizona has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. 90.) Defendants Navajo County Attorney Brad Carlyon and Deputy Navajo County Attorney Jason Moore have joined in the motion.[1] (Doc. 91.) The State of Arizona has also filed a request for judicial notice in support of the motion for judgment on the pleadings. (Doc. 92.) Both motions are fully briefed. (Docs. 95, 99, 102.) Additionally, Plaintiffs have filed a request for judicial notice in support of their opposition to Defendants' motion for judgment on the pleadings. (Doc. 96.) As set forth below, the Court grants the motion for judgment on the pleadings and denies the requests for judicial notice as moot.

**I.  Background**

Plaintiffs, William Terrence (Terry) Platt and Maria B. Platt, filed this civil rights action against multiple defendants, pursuant to 42 U.S.C. § 1983, and alleged violations

---
[1] The Court refers to the State of Arizona, Carlyon, and Moore collectively as "Defendants."

of their constitutional rights based on a forfeiture proceeding in Navajo County Superior Court. (Doc. 1-1 at 6-44; Doc. 20.) The State of Arizona intervened as a defendant. (Doc. 16.) The First Amended Complaint (FAC) alleged five causes of action. (Doc. 20.) In the Third Cause of Action (Count Three), which is at issue in the pending Rule 12(c) motion, Plaintiffs "allege[d] that the 'incentive statutes,' Ariz. Rev. Stat. §§ 13-2314.03 and 13-4315, encourage law enforcement officers (including attorneys for the state, as defined in Ariz. Rev. Stat. § 13-4301.1(1)), to seek forfeiture in violation of the due process clauses of the Arizona Constitution and the Fourteenth Amendment of the United States Constitution . . . ." (Doc. 70 at 18; Doc. 20 at ¶¶ 269-75.)

On March 15, 2018, the Court issued an Amended Order ruling on the various motions to dismiss.[2] (Doc. 70.) The Court made several rulings that are relevant to the pending Rule 12(c) motion. Specifically, the Court dismissed as moot Plaintiffs' claims for injunctive and declaratory relief as to Count Three. (Doc. 70 at 44, 45.) The Court dismissed Plaintiffs' claims for nominal monetary damages, except for their claims for nominal monetary damages based on the federal due process claim asserted in Count Three against Defendants Carlyon and Moore, both sued in their official capacities. (*Id.* at 45-46, 6 at n.6.) The Court also determined that in the challenged forfeiture proceeding Defendants Carlyon and Moore were acting as agents of the state. (*Id.* at 31.)

As a result of the Court's rulings, Plaintiffs had the following two remaining claims: (1) a § 1983 claim for nominal monetary damages based on an alleged violation of their federal due process rights by Defendants Carlyon and Moore, in their official capacity as "state actors," (Count Three); and (2) a state law claim for injunctive relief seeking the return of personal property against Defendant Milstead (Count Five). (*Id.* at 46.) The parties subsequently filed a joint stipulation to dismiss Count Five and Defendant Milstead, and the Court dismissed Count Five and Defendant Milstead from this case. (Doc. 94.) Therefore, Plaintiffs' only remaining claim is for nominal monetary

---

[2] The March 15, 2018 Order amended an August 30, 2017 Order (Doc. 60), which was withdrawn and superseded by the amended order. (*See* Doc. 70 at 1.)

1 damages against Defendants Carlyon and Moore, as state actors, based on an alleged violation of their federal due process rights, as assert in Count Three.

## II. Standard for Motion for Judgment on the Pleadings

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 n.4 (9th Cir. 2011).

When analyzing a Rule 12(c) motion, the court accepts the nonmovant's allegations as true, *see Hal Roach Studios v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1550 (9th Cir. 1989), and construes factual allegations in a complaint in the light most favorable to the nonmovant. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that there is no material issue of fact and that the moving party is entitled to judgment as a matter of law." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist*., 644 F.3d 934, 937 n.1 (9th Cir. 2011).

A court cannot consider evidence outside the pleadings unless the court treats the motion as a motion for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(c). However, a document is not considered "outside the pleadings" if it is attached to the complaint and its authenticity is not questioned. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997). Additionally, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (2005) (9th Cir. 2005) (alteration in original).

## III. Judgment on the Pleadings on Count Three

Defendants move for judgment on the pleadings on Count Three of the FAC because they assert that it does not allege a claim against a "person" for purposes of

1 § 1983. (Doc. 90 at 3-4.) To support their argument, Defendants cite *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), in which the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." (*See* Doc. 90 at 3-4.) Plaintiffs concede that dismissal of Count Three on this basis is appropriate. (Doc. 95 at 4-5.)

As Defendants note, the Court has previously held that Defendants Carlyon and Moore were acting on behalf of the State, or were state officials, for purposes of the allegations against them in Count Three of the FAC. (Doc. 70 at 30-31, 44- 45.) Those allegations were brought pursuant to 42 U.S.C. § 1983. (Doc. 20 at ¶¶ 33, 269-75.) Section 1983 only provides a cause of action against "persons." *Will*, 491 U.S. at 60-61; *see also* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (discussing § 1983 personhood). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" for purposes of damages claims. *Will,* 491 U.S. at 71.

Because the Court has already held that Defendants Carlyon and Moore were "state actors," or state officials, for purposes of the allegations against them in Count Three, and state officials are not "persons" under § 1983, *Will* requires the dismissal of Count Three because that count does not include allegations against a "person" for purposes of § 1983. *See Will*, 491 U.S. at 71*; see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted) (affirming dismissal of § 1983 claim against the state of Arizona).[3] Therefore, the Court grants the State's motion for judgment on the pleadings on Count Three.

**IV. Alternative Argument to Dismiss Facial Claims**

In the alternative, Defendants move for judgment on the pleadings on Count Three on the grounds that Plaintiffs assert a facial challenge to the Arizona forfeiture statutes that does not meet the standards of *United States v. Salerno*, 481 U.S. 739, 745 (1987).

---

[3] Defendants note that the holding in *Will* would not bar Plaintiffs from seeking prospective relief, rather than monetary damages, against state actors. (Doc. 90 at 4 (citing *Will*, 491 U.S. at 71, n.10).) However, the Court has also previously dismissed as moot Plaintiffs' claims for prospective injunctive relief. (Doc. 70 at 44, 46.)

- 4 -

(Doc. 90 at 4.) The parties agree that if the Court dismisses Count Three under *Will*, it need not reach Defendants' alternative argument for dismissal. (Doc. 90 at 4, Doc. 95 at 4, Doc. 102 at 9.) Therefore, the Court does not consider Defendants' alternative argument for judgment on the pleadings.

## V. Motions for Judicial Notice

To support the alternative argument for judgment on the pleadings on Plaintiffs' facial claims, the State asks the Court to take judicial notice of several documents. (Doc. 92.) The State re-urges that request in its reply. (Doc. 102.) Plaintiffs also filed a request for the Court to take judicial notice of several documents. (Doc. 96.) Plaintiffs ask the Court to take judicial notice of these documents if the Court considers the documents in the State's request for judicial notice. (*Id.*) Because the Court does not consider the alternative argument in support of the Rule 12(c) motion, it denies as moot the State's and Plaintiffs' requests for judicial notice.

## VI. Possible Motion to Remand

In their response to the Rule 12(c) motion, Plaintiffs state that "[t]he apparent lack of a federal question remaining in this case means this Court does not have original jurisdiction over the Platts' action." (Doc. 95 at 15.) Plaintiffs state that "due to the lack of original jurisdiction," the Court should reconsider its decision not to remand this action to state court. (Doc. 95 at 15 (citing Doc. 65 at 6-14).) Plaintiffs assert that "[a]s anticipated by the Joint Case Management Report and this Court's directives at the Rule 16 Scheduling Conference [Docs. 77, 81] the Platts will be making such a motion pursuant to 28 U.S.C. §§ 1367(c) and 1447(c) upon the anticipated resolution of Defendants' Rule 12(c) motion." (Doc. 91 at 15.)

In separate replies, the State (Doc. 102) and Defendants Carlyon and Moore (Doc. 99) assert that granting the Rule 12(c) motion results in the denial off all relief in this case and ask the Court to enter final judgment pursuant to Rule 58(b)(1)(C). (Doc. 99.) Defendants Carlyon and Moore argue that the Court has jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331, and has jurisdiction over the

1 state law claims pursuant to 28 U.S.C. § 1367. (Doc. 99 at 2, n.2.) Defendants Carlyon and Moore also argue that the determination that Plaintiffs cannot pursue their claims against them because they are not persons for purposes of § 1983 is a matter of statutory interpretation, not subject matter jurisdiction. (*Id.*)

The State argues that the Court should enter final judgment because the Court has already dismissed the state law claims and there is nothing for the Court to remand to state court. (Doc. 102 at 11.) The State asserts that because the Court has already dismissed the state law claims, to restore those claims, Plaintiffs would have to file a second motion for reconsideration of Court's dismissal of those claims. (*Id.* (citing Docs. 65, 69).) The State argues that if Plaintiffs seek further reconsideration of the Court's dismissal of their state law claims, it will likely seek to recover its attorney's fees. (Doc. 102 at 12.)

The Court does not resolve the issues of reconsideration or remand in this order. However, the Court notes that it has previously considered Plaintiffs' motion for reconsideration of is rulings. (Doc. 69.) During the scheduling conference, the Court and the parties discussed a possible motion to remand following a ruling on Defendants' anticipated Rule 12(c) motion. (Doc. 101 at 11-12, 13-15.) The Court suggested that it would be more efficient to first consider the Defendants' anticipated Rule 12(c) motion and then, if necessary, consider Plaintiffs' possible motion for remand. (*Id.* at 16, 17.) The parties agreed to this approach. (*Id.* at 16, 19.) Consistent with the discussion during the scheduling conference, the Court delays the entry of judgment and directs the parties to file a proposed briefing schedule for Plaintiffs' motion to remand. The Court clarifies that Plaintiffs are permitted, but not required, to file a motion to remand. Additionally, by permitting Plaintiffs to file a motion to remand, the Court is not determining whether any claims remain that may be remanded to the state court.

Accordingly,

**IT IS ORDERED** that the State of Arizona's motion for judgment on the pleadings (Doc. 90), joined by Defendants Carlyon and Moore (Doc. 91), is **GRANTED.**

| | |
|---|---|
| 1 | The Court dismisses the only remaining claim in this matter—the federal due process |
| 2 | claim brought pursuant to 42 U.S.C. § 1983 in Count Three of the FAC for a violation of |
| 3 | Plaintiffs' federal due process rights against Defendants Carlyon and Moore, in their |
| 4 | official capacities. |
| 5 | **IT IS FURTHER ORDERED** that within **14 days** of the date of this Order, the |
| 6 | parties shall file a proposed briefing schedule for Plaintiffs' motion to remand. |
| 7 | **IT IS FURTHER ORDERED** that, *in the alternative*, within **14 days** of this |
| 8 | Order, Plaintiffs may notify the Court that they do not intend to file a motion to remand. |
| 9 | Dated this 6th day of August, 2018. |

_____
Bridget S. Bade
United States Magistrate Judge